[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT METCALF EDDY MOTION FORSUMMARY JUDGMENT
In this matter the plaintiffs originally filed suit claiming negligence against three defendants who were involved in the CT Page 5261-EEEEEEE construction of a waste water treatment facility. The defendant Maguire Group, Inc. then moved for summary judgment on the basis of its special defense that the claims against it were barred by the provisions of § 31-293 (c) of the Workers' Compensation Act. The motion has been previously granted. The defendant Metcalf and Eddy has now filed a motion for summary judgment claiming that it is also entitled to immunity under the statute. The statute reads as follows:
 (c) Notwithstanding the provisions of subsection (a) of this section, no construction design professional who is retained to perform professional services on a construction project, or any employee of a construction design professional who is assisting or representing the construction design professional in the performance of professional services on the site of the construction project, shall be liable for any injury on the construction project for which compensation is payable under the provisions of this chapter, unless responsibility for safety practices is specifically assumed by contract. The immunity provided by this subsection to any construction design professional shall not apply to the negligent preparation of design plans or specifications. For the purposes of this subsection "construction design professional" means (1) any person licensed a an architect under the provisions of chapter 390, (2) any person licensed, or exempted from licensure, as an engineer under the provisions of chapter 391, or (3) any corporation organized to render professional services through the practice of either or both of such professions in this state.
Metcalf claims and the plaintiff concedes that Metcalf was the agent of Maguire. However, it also appears to be undisputed that although Maguire acted in the role of a "construction design professional" on this project, Metcalf had only agreed to provide management services. Metcalf does not assert in its motion that it provided services as a "construction design professional", or as an employee or agent of Maguire assisted Maguire in performing CT Page 5261-FFFFFFF work that was work that would be provided by a construction design professional. Metcalf claims, however, that despite this as an agent of Maguire it is entitled to rely on the immunities granted to Maguire under § 31-293 (c).
The standards for granting a motion for summary judgment are well-known. To decide the issue raised by the special defense the court is not required to resolve disputed factual issues. Rather this seems to be a situation where the problem presented is purely one of law and statutory interpretation applied to facts that are not in dispute.
I cannot agree with the defendant Metcalf's position for a variety of reasons.
Nothing in the language of the statute suggests that the interpretation of the defendant Metcalf is appropriate. Metcalf does not claim to be a "construction design professional" nor does it claim to be an employee of such a professional.
Neither does there appear to be any ascertainable policy reason why this court should interpret the statute in the way the defendant Metcalf suggests. In Zapata v. Burns, 207 Conn. 496
(1988) the court examined this statute and said:
 "We conclude that the classification of architects and engineers in a manner different from other groups involved in the construction process bears a rational relationship to a legitimate state end and is based on reasons related to the accomplishment of that goal", Id. pp. 513-514.
Earlier the court quoted language from a Michigan case passing on a statute similar to ours. There in O'Brien v. Hazelet Erdal, 299 N.W.2d 336 (1980) the court said:
 "The legislature might have concluded that the different, education, training experience, licensing and professional stature of architects and engineers made it more likely that a limitation on their tort liability would not reduce the care with which they performed their tasks than would be the case with contractors. CT Page 5261-GGGGGGG
 The legislature may also have thought it necessary to reduce the potential liability of architects and engineers in order to encourage experimentation with new designs and materials." Id. p. 342.
Given these statutory purposes it is difficult to understand why its protections should be extended to an entity like Metcalf which was not performing the work of a "construction design professional" on the job site and as an agent for Maguire was delivering services that had nothing to do with such work. Or to put it another way, merely because Metcalf was an agent of Maguire, although not performing the work of a construction design professional, why should it gratuitously garner a statutory grant of immunity not based on any ascertainable legislative purpose which in effect would deprive injured parties of pre-existing common law rights they would have had but for this statute? The question provides the answer.
In any event apart from issues of policy and legislative purpose the interpretation the defendant Metcalf gives to §31-293 (c) would render the statutory language inexplicable. Let us look at the relevant statutory language again:
 "(c) Notwithstanding the provisions of subsection (a) of this section, no construction design professional, who is retained to perform professional services on a construction project, or any employee of a construction design professional who is assisting or representing the construction design professional in the performance of professional services on the site of the construction project shall be liable. . . ." (emphasis added).
If the defendant Metcalf's position here were to prevail it would seem that a bizarre result would ensue. An employee of a construction design professional, who by definition is an agent of the professional, would only be protected from liability if he or she is involved in the delivery of the professional services of a construction design professional. But an agent of the construction design professional who is not an "employee" would be entitled to the protection of the statute whether or not he, CT Page 5261-HHHHHHH she, or it had anything to do with the delivery of such services.
The defendant Metcalf chiefly relies on the case of Chatillonv. Renzulo, 2 Conn. Cir. 60, 65 (1963) which in finding that an employee derived immunity in a tort action from the immunity of a contractor held that "an agent who is acting within the authority and pursuant to the direction of his (sic) principal is entitled as against third persons, to the same immunity as the principal, had the latter done the same act under the same circumstances, such immunities not being personal to the principal." The court referred to the ruling in an Oregon case which was in effect "Adopting the rule stated in § 347 of the Restatement of the Law of Agency.", Id. p. 65.
In Chatillon the contractor had immunity under § 13-119 of the General Statutes and the defendant employee claimed the same immunity. But in that case the defendant employee "was engaged in the contractor's business in backing the truck to dump some black top cement on North Lake Street", Id. pp. 65-66. That is not the situation we have here; here Metcalf was not "engaged" in Maguire's business as a "construction design professional". Obviously under any statutory scheme granting immunity to a deliver of a particular type of service you have to grant the same immunity to its employee or agent engaged in carrying on the principals' business or the immunity granted the principal would be illusory.
If an employee doing the principal's work is not granted the latter's immunity it would be probably be true that the employee doing the principals' work would have no right of indemnification against the principal — any other result would make the grant of immunity meaningless. But if an employee could not claim indemnification against the principal the principal's labor cost at these construction sites would simply increase. So in these situations the grant of immunity to an employee of the principal who is given immunity is necessary to effectuate the statutory immunity given to people or companies doing a particular type of work. Thus Chatillon is no authority for the result the defendant seeks in the case now before the court and its broad reference to agency law is of no help given the facts of this case and the policy purposes of § 31-293 (c).
In any event Chatillon was a 1963 case and it cited § 347 of the Restatement of Agency. But in 1958 the restatement refined these principles and in the Restatement (Second) of the Law of CT Page 5261-IIIIIII Agency the present § 347 reads as follows:
 "(1) An agent does not have the immunities of his (sic) principal although acting at the direction of the principal."
Section 345 reads that "an agent is privileged to do what otherwise would constitute a tort if his (sic) principal is privileged to have an agent do it and has authorized the agent to do it." An examination of § 217 of the Restatement (Second) Agency indicates that what we have in § 31-293 (c) is an "immunity" not a "privilege" for Restatement purposes. In any event how could it possibly be said referring to § 345, that under § 31-293 (c) a principal acting as a construction design professional is "privileged" to have an agent, not even performing construction design work, commit a tort having nothing to do with the carrying out of such work? Thus the defendant's position is not helped by a reliance on the Restatement (Second) of the Law of Agency.
For all of these reasons the court denies the motion for summary judgment filed by the defendant Metcalf Eddy.
Thomas Corradino, Judge